IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01691-BNB

PAUL TINSLEY, # 107062,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,  and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Paul Tinsley, a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the correctional facility in Limon, Colorado.  Mr. Tinsley, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in Douglas County District Court Case No. 98CR567.

    On June 28, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Response on August 15, 2012, and Mr. Tinsley submitted a Reply to the Response on September 5, 2012.

    The Court must construe liberally the Application and Reply filed by Mr. Tinsley because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

Mr. Tinsley pled guilty to one count each of second degree murder, first degree murder, and crime of violence. Pre-Answer Resp., ECF No. 9-1 at 2. Subsequently, he filed a motion to withdraw the plea, which was denied. He was sentenced on October 17, 2000, to a total of eighty years of incarceration. *Id.*; ECF No. 9-2 at 13-14. The Colorado Court of Appeals (CCA) affirmed the conviction and sentence on October 31, 2001. *Id.* at 13. The Colorado Supreme Court (CSC) denied certiorari review on March 17, 2003. *See* ECF No. 9-6.

Mr. Tinsley filed a Colo. R. Crim. P. 35(b) motion on July 28, 2003. ECF No. 9-2 at 12. The motion was denied on September 18, 2003. *Id.* at 11-12. Mr. Tinsley filed a notice of appeal on June 28, 2005. *Id.* at 11. The CCA denied the appeal as untimely on August 29, 2005, and the CSC denied certiorari review on February 27, 2006. *Id.* Finally, after filing several miscellaneous motions, including a motion for appointment of counsel for a postconviction motion on August 8, 2007, Mr. Tinsley filed a Colo. R. Crim. P. 35(c) postconviction motion on April 21, 2008. *Id.* at 10-11. The Rule 35(c) motion was denied on October 22, 2008. *Id.* The CCA affirmed the denial on August 20, 2009, ECF No. 9-3, and the CSC denied certiorari review on December 14, 2009, ECF No. 9-2 at 9.

Mr. Tinsley then filed a Rule 35(a) and (c) postconviction motion on December

22, 2009, which was denied on April 28, 2010. *Id.* at 9. He appealed the denial. The CCA disposed of the postconviction motion on March 31, 2011, *see* Application, ECF No. 1, at 48, and the petition for certiorari review was denied at the latest on June 22, 2011, ECF No. 9-2 at 8. On June 27, 2012, Mr. Tinsley filed his 28 U.S.C. § 2254 action in this Court.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Tinsley's conviction became final on June 16, 2003, when the time for

seeking review in the United States Supreme Court expired.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 30.1 (the last day of the period computed is included unless it is a Saturday, Sunday, in which event the period runs until the end of the next day that is not a Saturday or Sunday).  Accordingly, for purposes of § 2244(d), time began to run on June 17, 2003, the day after Mr. Tinsley's conviction and sentence became final.

The Court next must determine whether any of Mr. Tinsley's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

Even conceding that the time from October 28, 2003, when the Rule 35(b) postconviction motion became final, until December 21, 2009, the day prior to when Mr. Tinsley filed the Rule 35(a) and (c) postconviction motion is tolled for purposes of § 2244(d), the time otherwise is not tolled for 411 days, which is beyond the one-year time limitation.  The one-year limitation period ran from June 17, 2003, the day after Mr. Tinsley's conviction became final, until July 27, 2003, the day prior to when he filed a Rule 35(b) postconviction motion, a total of forty-one days.  The time also ran from June 23, 2011, the day after Mr. Tinsley's last postconviction motion became final, until June 26, 2012, the day prior to when Mr. Tinsley filed the instant action, a total of 370 days.  Unless equitable tolling applies, Mr. Tinsley's Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  The inmate must allege with specificity the steps he took to pursue his federal claims.  *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  "A sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Mr. Tinsley fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims.  In the Application, on Page Seven, under Section "F. Timeliness of Application," Mr. Tinsley provides no explanation for the untimeliness of the Application.  In his Reply, Mr. Tinsley claims the action is timely because the CSC mandate in his most recent postconviction motion was issued on August 17, 2011, and the time for purposes of § 2244(d) runs only from August 17 until he filed this action.  Mr. Tinsley also contends that he appealed all of the denials of his postconviction motions and Respondents are incorrect that he did not diligently pursue

this action after the mandate was issued on August 17, 2011, because he spent this time determining how to proceed with his claims.

First, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). Therefore, Mr. Tinsley's lack of knowledge on how to proceed after his last postconviction motion was denied does not indicate he pursued his claims diligently or that some extraordinary circumstance stood in his way preventing him from filing a timely § 2254 action.

Second, the one-year limitation period was tolled only until the Colorado Supreme Court denied his petition for writ of certiorari on June 22, 2011, and not until August 17, 2011, when Mr. Tinsley alleges the Colorado Court of Appeals issued a mandate. *See Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (finding that postconviction motion tolled the one-year limitation period from the day it was filed until the state supreme court denied certiorari review); *see also Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (refusing to extend tolling period for postconviction motion to the date the mandate issued).

Finally, for purposes of § 2244(d) the time runs from when a conviction and sentence is final not from when a mandate enters in a postconviction motion. As stated above, Mr. Tinsley's conviction and sentence were final on June 16, 2003, when the time ran to seek review in the United States Supreme Court.

Mr. Tinsley does not disagree that he filed his first motion for reduction of sentence on July 28, 2003, or that he did not have a postconviction pending from June 23, 2011, until June 26, 2012. Therefore, because equitable tolling does not apply, the

Application is time-barred under 28 U.S.C. § 2244(d).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Tinsley files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Mr. Tinsley's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Tinsley has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __16th__ day of __October__, 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court